RECEIVED
(Rev. 5/1/13)
OCT 2 0 2022
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
_____ DIVISION

__Michael S. Sherman__  Civil Action No. __5:22-cv- 5775__ SEC. P
Plaintiff

Prisoner # __124023__

VS.  Judge _____

__Corporal Adam McEntee #1217__  Magistrate Judge _____
Defendant

# COMPLAINT
## PRISONER CIVIL RIGHTS UNDER 42 U.S.C. § 1983

I. **Previous Lawsuits**

a. Have you begun any other lawsuit while incarcerated or detained in any facility?

Yes [ ]   No [✓]

b. If your answer to the preceding question is "Yes," provide the following information.

1. State the court(s) where each lawsuit was filed (if federal, identify the District, if state court, identify the County or Parish):

   _____

   _____

2. Name the parties to the previous lawsuit(s):

   Plaintiffs: _____

   Defendants: _____

3. Docket number(s): _____

4. Date(s) on which each lawsuit was filed: _____

5. Disposition and date thereof [For example, was the case dismissed and when? Was it appealed and by whom (plaintiff or defendant)? Is the case still pending?]:

   _____

(Rev. 5/1/13)

    c.    Have you filed any lawsuit or appeal in any federal district court or appeals court which has been dismissed?

        Yes [ ]    No [✓]

        If your answer to the preceding question is "Yes," state the court(s) which dismissed the case, the civil action number(s), and the reason for dismissal (e.g., frivolity, malice, failure to state a claim, defendants immune from relief sought, etc.).

II.    a.    **Name of institution and address of current place of confinement:**

        Caddo Correctional Center 1101 Forum dr. Shreveport, LA 71107

    b.    Is there a prison grievance procedure in this institution?

        Yes [ ]    No [✓]

        1.    Did you file an administrative grievance based upon the same facts which form the basis of this lawsuit?

            Yes [ ]    No [ ]

        2.    If you did not file an administrative grievance, explain why you have not done so.

        3.    If you filed an administrative grievance, answer the following question. What specific steps of the prison procedure did you take and what was the result? (For example, for state prisoners in the custody of the Department of Public Safety and Corrections: did you appeal any adverse decision through to Step 3 of the administrative grievance procedure by appealing to the Secretary of the Louisiana Department of Public Safety and Corrections? For federal prisoners: did you appeal any adverse decision from the warden to the Regional Director for the Federal Bureau of Prisons, or did you make a claim under the Federal Tort Claims Act?)

        Attach a copy of each prison response and/or decision rendered in the administrative proceeding.

III.    **Parties to Current Lawsuit:**

    a.    Plaintiff, Michael Sherman

        Address

(Rev. 5/1/13)

b. Defendant, Adam McEntee #1217 , is employed as investigator with the Shreveport Police department's Violent Crimes Homicide Unit at Shreveport Police Department.

Defendant, Shreveport Police department , is employed as Shreveport Police Department at Shreveport Police Department.

Defendant, _____ , is employed as _____ at _____.

Additional defendants, _____

## IV. Statement of Claim

State the **FACTS** of your case. Specifically describe the involvement and actions of each named defendant. Include the names of all persons involved in the incident(s) or condition(s) giving rise to this lawsuit, and the dates upon which and the places where the incident(s) and/or condition(s) occurred. **YOU ARE REQUIRED TO SET FORTH ONLY FACTUAL ALLEGATIONS. YOU ARE NOT REQUIRED TO SET FORTH LEGAL THEORIES OR ARGUMENTS.**

Please see attachment for my statement of claim.....

At approximately 1630 hrs on Friday October 8, 2021 defendant, Corporal Adam McEntee #1217 of the Shreveport Police Department conducted a follow-up interview with alleged victim, Demarcus Jones in regards to a shots fired call at 2961 Hattie St. Shreveport, La on October 3rd, 2021 at approximately 1320 hrs. As part of the Louisiana eyewitness identification procedure Detective M. James used a single color photograph for the alleged "witness/victim" Demarcus Jones to identify the plantiff. The singularity of the photo intentionally made the Plantiff noticeably standout, violating LACCRP art. 253 (B)(2)(ii). The defendant, Corporal Adam McEntee #1217 used the aforementioned overtly suggestive identification coupled with a disregard for the liklihood of misidentifacation and the victim Demarcus Jones's statement in an affidavit used in the application and obtainment of an arrest warrant for Plantiff. Plantiff asserts his rights gauranteed by the 14th amendment to "due process" "equal protection" and "of notice and to be heard" whereas the aforementioned facts violates the plantiff's enumarated rights. In the absence of any written, recorded, or supplement statements of the alleged victim's recollection of events the plantiff and court must rely soley on the affidavit for arrest warrant to determine a substantial liklihood of misidentification and unneccesary identification procedure to prove a violation of due process Neil v. Biggers 409 U.S. 188 93 S.Ct 375 34 L.Ed. 2d 401 (1972). State v. Lowenfield 495 so. 2d 1245 (La. 1985) In Manson v. Braithwaite supra the U.S. supreme court concluded that the "linchpin" in determining the admissibility of identification testimony is it's reliability. Appluing the Manson factors to the present case not only was the singular photo of the plantiff unarguably suggestive and unneccesary (1) the affidavit does not disclose the proximity between the "witness/victim" and the criminal, witness's clarity in vision, any use of an imparitive substance by "witness victim before during or after the crime, the "witness/victim" readdressed attention to the suspect exiting a white two door vehicle or the presence or abscence of any identification obtrusions to determine the "witness's/victim" appurtunity to view the criminal

during the crime (2) Any degree of attention was divided between the "witness/victim" ducking for cover behind the front of his truck during the shooting and working on his truck (3) the "witness/victim" description of the criminal does not exceed a name which cannot be considered accurate due to there being more than one Michael Sherman. (4) Although the "witness/victim" demonstrated a highly reliable level of certainty that the individual in the photo is Michael Sherman the affidavit nor the witness declares that the individual in the photo and the criminal are the same person. (5) the date of the occurance of events is five days prior to the confrontation which is enough time for any misplacement of actions or persons. Numerous in-consistencies in corroborating the "witness's/victim" statement with direct/physical evidence in the affidavit substantially weakens the "witness's/victim's" credible reliability. Where as officant's obligation to recite facts in an affidavit for a judge or magistrate to determine probable cause precludes any room for inference. Considered the affidavit to be true, the absence of particular necessary information draws a conclusion that the weight of the liklihood of misidentification and the corrupting effect of the suggestive identification is great enough to determine a clear violation of the plantiff's right to be heard or given notice of the states attempt to deprive of him either life, liberty or property and the actions by the defendant Corporal Adam McEntee intentionall deprived the plantiff of his right to "due process" and "equal protection", solidfying his claims of false imprisonment and false arrest in violation of his aformentioned Constitutional rights.

At approximately 0130 hrs Monday November 1st 2021 the defendant Corporal Adam McEntee #1217 of the Shreveport Police Department obtained a warrant to search 5203 Bienville Shreveport La 71108 in Caddo Parish including all other structures vehicles and places on the premises and seize the specified things listed to constitute the violation of R.S 14:27 & 14:30.1 "attempted second murder". The result of the execusion of this search and seizure is as listed (1) Jimenez Arms JA nine s/n 365671, (1) JP Enterprises JP-15 .223/556 rifle s/n JPN170318 +(1) 974 chinese 7.62x39 assault Rifle S/N 1200167 (1) Joe Bob Outfitters ML-15 5.56 mm assault rifle (1) white apple iphone xr model A1984 (1) suspected schedule I (2) suspected schedule II narcotics. The United States 4th amendment protects individuals from unreasonable searches and seizures and arrest without probable cause. Including the seizure of one thing which warrant describes another whereas discretion as to what is to be taken is not left to the executing officer(s). Plantiff includes 1698 in U.S. currency was seized but found on Plantiff person and was not admitted into evidence, ommitted in any supplement notes, and can be proven by the body & unit cams of the on scene officers. After an involuntary statement given by plantiff under coerce proclaiming ownership of the seized drugs and firearms which held no nexus to "attempted second degree murder" in exchange for the release of Orraliyah Hamilton and Tykedrick Weathers, who by a rational trier of fact can easily be found to be in constructive possesion and have dominion over the seized items, but was disregarded by the defendant Corporal Adam McEntee. Plantiff contends that the factual information which is the foundation for the determination of probable cause must be contained in the affidavit Aguilar v. Texas 378 U.S. 108 84 S.Ct. 1509 12 L.Ed. 2d 723 (1964) Article 162 C.Cr.P mere suspicion or belief is not sufficent. Nathan v. United States 29() U.S. 41 54 S.Ct. 11 78 L.Ed 159 (1933) Aguilar v. Texas State v. Wells. Plantiff asserts that his arrest and imprisonment are violations of his 4th amendment & section 11 article 1 La Constitution right after "being compelled to speak against himself/give evidence against himself in a criminal case". Solidifying his claims of false arrest &

Pg 2

false imprisonment, and illegal seizure of the U.S currency found on Plantiff's person in the amount of $1698.

PG 1

At approximately 12:41 November 22, 2021 defendant, Corporal Adam McEntee of the Shreveport Police Department, in written form of the supplement notes concerning the investigation under dochet #386077 stated "Not only was a pistol matching the caliber recovered," and "The victim (Demarcus Jones) stated Sherman drove a white Kia". In regards to the original offense report to a shots fired call at 2961 Hattie St. Shreveport La 71107 1320 hrs On October 3rd 2021 the arriving officers recovered two spent shell casings of a 40 cal. Where as from the execution of the search warrant of 5203 bienville of Shreveport La yielded a 9mm pistol, Chinese 7.62x39 (2) 223/556 rifles not a 40 cal. In addition, in no recorded or written statement given by "the victim" did he stat "Sherman drove a white kia." The defendent knew or should have known this statement to be false and was given in the criminal proceedings of dochet #386077, going against the Defendant's Oath and lawfully duty to tell the truth Constituting a violation of R.S. 14:123 & 14:134, perjury and malfeasance causing emotional stress to the plantiff. Solidifying plantiff's claims for emotional distress and defamation of character.

(Rev. 5/1/13)

V.  **Relief**

State exactly what you want the court to provide to you or do for you. Make no legal arguments. Cite no cases or statutes.

See attachments - civil suit #1 punitive damages & compensatory monetary damages in the amount of 5 million or $1000 for every day spent in jail for each claim.
Suit #2 - 5 million dollars/$500 in punitive & compensatory damages for every day spent incarcerated for each claim

VI. **Plaintiff's Declaration** Suit #3 - 5 million dollars

a. I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed.

b. I understand that I may not proceed without prepayment of costs if I have filed three lawsuits and/or appeals that were dismissed on grounds that the action and/or appeal was frivolous or malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

c. If I am located in a prison participating in the Electronic Filing Pilot Program, I consent to receive orders, notices and judgments by Notice of Electronic Filing.

**Signed this** _____ **day of** October , 20 22 .

_____                    _Michael Sherman_
**Prisoner no. (Louisiana Department of**         **Signature of Plaintiff**
**Corrections or Federal Bureau of Prisons)**

(Rev. 5/1/13)

# INSTRUCTIONS FOR FILING A
# PRISONER CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983

1. **FILL OUT THE FORM**: Your complaint must be on the attached form; otherwise it will be returned to you. You may attach additional pages where necessary. You must file a separate complaint for each claim unless the claims are related to the same incident or issue.

2. **STATE ONLY FACTS**: Your complaint must include only facts - not legal arguments or citations. In order to state a claim under §1983, you must state **facts** which show that the named defendant(s) violated your rights secured by the Constitution.

3. **TYPE OR PRINT THE COMPLAINT**: Your complaint must be typed or legibly handwritten in pen (not pencil) and written on only one side of the page.

4. **PAPER SIZE**: All pleadings and other papers submitted for filing must be on letter size 8½" x 11" paper. (not legal size paper).

5. **SIGN THE COMPLAINT**: The complaint must bear an original signature of the plaintiff and not a copy. The signature does not need to be notarized.

6. **LOCATION OF DEFENDANT(S)**: Your complaint can be filed in this court (the Western District of Louisiana) **only** if one or more of the named defendants are located within this district.

7. **FEES AND COSTS**: You must pay a filing fee of $400. If you are unable to pay the entire filing fee and service costs for this action, you may petition the court to proceed as a pauper ("*in forma pauperis*"). However, even if the court grants your request, you will be required to pay a filing fee of $350.00 as set forth on the application to proceed *in forma pauperis*.

8. **PROCEEDING *IN FORMA PAUPERIS***: If you are proceeding under 28 U.S.C. § 1915, *et seq.*, the court will review your complaint before ordering service of process on the defendants. The review will determine whether the complaint is legally frivolous or malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See*, 28 U.S.C. § 1915(e)(2). Your complaint will also be reviewed to determine whether you should be required to exhaust administrative remedies. *See*, 42 U.S.C. § 1997e(a).

9. **THREE OR MORE SUITS**: If you have filed three or more civil actions and/or appeals while incarcerated or detained, and the actions have been dismissed on grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, you will not be permitted to proceed *in forma pauperis* unless you are under imminent personal danger. *See*, 28 U.S.C. § 1915(g).

10. **WHERE TO MAIL**: When the complaint and/or pauper application is completed, inmates who reside in or who are transferred into La. Department of Corrections facilities that are participating in the Electronic Filing Pilot Program, shall provide pleadings to the prison to be scanned and emailed to the court. Inmates at all other facilities shall mail the originals to the **Clerk of the United States District Court for the Western District of Louisiana, 300 Fannin Street, Suite 1167, Shreveport, LA 71101-3083.**

11. **SERVICE OF PROCESS**: The Marshal will serve the defendant(s) only if the service costs have been paid, or the court has granted the application to proceed *in forma pauperis*. You must furnish the Marshal with a correct and complete name and address for each defendant.

12. **COPIES**: You must pay the Clerk for any copies of your complaint or other court records, even if you are proceeding *in forma pauperis*.