# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **MICHAEL S. SHERMAN** | **CIVIL ACTION NO. 22-5775-P** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **ADAM MCENTEE, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Michael S. Sherman ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on October 20, 2022. He is detained at the Caddo Correctional Center in Shreveport, Louisiana. He names Adam McEntee and the Shreveport Police Department as defendants.

Plaintiff was arrested on October 31, 2021 and charged with attempted second degree murder. He was arrested again on November 2, 2021 and charged with possession of a schedule (I) with intent to distribute, possession of a schedule (II) with intent to distribute, possession of a stolen firearm, possession of a concealed weapon by a convicted felon, and possession of a firearm while in possession of CDS (II). All charges against Plaintiff are currently pending.

Plaintiff claims that on October [1]8, 2021, Shreveport Police Corporal Adam McEntee ("McEntee") conducted a follow-up interview with alleged victim Demarcus Jones regarding shots fired on October 3, 2021. He claims Detective M. James used a single-color photograph for alleged victim Demarcus Jones to identify him as the suspect. Plaintiff argues the photograph made him standout as the suspect. He claims McEntee used the suggestive identification and the alleged victim's statement in an affidavit to obtain an arrest warrant for him.

Plaintiff claims the actions of Defendants violated his Fourteenth Amendment rights. He claims that in the absence of any written, recorded, or supplemental statements of the victim's recollection of events, he and the court must rely on the arrest warrant affidavit to determine a due process violation. Plaintiff claims the photograph identification was suggestive and unnecessary. He claims the affidavit does not disclose the proximity between the victim and the suspect, the victim's clarity in vision, the use of an imperative substance by the victim before, during or after the crime, the victim's "readdressed" attention to the suspect exiting a white two door vehicle, or the presence of any identification obstructions. He claims the affidavit does not disclose the victim's degree of attention when ducking for cover behind the front of his truck during the shooting and working on this truck. Plaintiff claims the affidavit does not disclose a name which can be considered accurate because there is more than one Michael Sherman. Plaintiff claims that although the victim demonstrated a highly reliable level of certainty that the individual in the photograph is Michael Sherman, the affidavit and the victim fail to declare

that the individual in the photograph and the suspect are the same person. He claims the date of the shooting was five days prior to the confrontation which is enough time for misplacement of actions and/or persons.

Plaintiff claims there are numerous inconsistencies between the victim's statement and the direct/physical evidence in the affidavit. He argues these inconsistencies weaken the victim's credibility and reliability. He further argues the affiant has an obligation to recite facts in an affidavit for a judge or magistrate to determine probable cause and this obligation precludes any room for inference. He also argues that the absence of necessary information draws a conclusion that the likelihood of misidentification and the corrupting effect of the suggestive identification are great enough to establish a clear violation of his right to be heard or be given notice of the State's attempt to deprive him of his life, liberty, or property. He claims McEntee intentionally deprived him of his rights to due process and equal protection. He claims he was falsely arrested and imprisoned in violation of his constitutional rights.

Plaintiff claims that on November 1, 2022, McEntee obtained a search warrant for 5203 Bienville Street in Shreveport, Louisiana. He claims $1698.00 was seized from his person. He claims the money was not admitted into evidence and was omitted from supplemental notes.

Plaintiff claims he gave an involuntary, coerced statement in which he claimed ownership of the seized drugs and firearms. He claims the seized drugs and firearms had no connection to the attempted second degree murder charge. He claims McEntee ignored

the fact that Orraliyah Hamilton and Tykedrick Weathers had constructive possession and dominion over the seized items.

Plaintiff claims that on November 22, 2021, McEntee stated in his supplemental notes that "[n]ot only was a pistol matching the caliber recovered" and "[t]he victim (Demarcus Jones) stated Sherman drove a white Kia." Plaintiff claims the original offense report stated that the arriving officers recovered two shell casing from a 40 caliber. He claims that the search warrant did not yield a 40 caliber. He further claims there is no recorded or written statement given by the victim in which he stated Sherman drove a white Kia. Plaintiff claims Defendant knew or should have known this statement was false and therefore violated his oath and duty to tell the truth. He claims Defendant caused him emotional distress and defamed his character.

Accordingly, Plaintiff seeks punitive, compensatory, and monetary damages.

## LAW AND ANALYSIS

Plaintiff was charged with attempted second degree murder, possession of a schedule (I) with intent to distribute, possession of a schedule (II) with intent to distribute, possession of a stolen firearm, possession of a concealed weapon by a convicted felon, and possession of a firearm while in possession of CDS (II). If Plaintiff is ultimately convicted of the pending charges, a favorable ruling on his claims could call into question the validity of his convictions. Plaintiff would not be entitled to seek relief for these claims until such time as the conviction in question had been declared invalid. See Heck v. Humphrey, 512

U.S. 477 (1994).[1] However, since the criminal prosecution in Plaintiff's case remains pending, Heck does not apply at this time. See Wallace v. Kato, 549 U.S. 384 (2007) (the Heck rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges).

In cases such as Plaintiff's, where charges remain pending, federal courts have been authorized to stay civil rights claims attacking the legality of a detainee's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded. See Wallace, 549 U.S. at 393-94.

In Wallace, the Court stated, "if a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court ... to stay the civil action until the criminal case ... is ended." Id. at 393-94. The Fifth Circuit has noted that, in such cases, the court "may - indeed should - stay proceedings in the section 1983 case until the pending criminal case has run its course. . .." Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995); see also Busick v. City of Madison Miss., 90 Fed. Appx. 713, 713–714 (5th Cir. 2004).

---

[1] In Heck, the Supreme Court held that, in order to recover damages for an allegedly unconstitutional imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994).

Plaintiff's civil rights claims should be stayed pending the outcome of the criminal charges. Thereafter, in the event Plaintiff is convicted, he may pursue this § 1983 claim only upon a showing that the suit is not barred by Heck.

## CONCLUSION

Therefore, **IT IS RECOMMENDED** that Plaintiff's civil rights claims be **STAYED** until the criminal proceedings against Plaintiff are completed, subject to the following conditions:

> Within thirty (30) days of the date the state court criminal proceedings have concluded, Plaintiff **MUST FILE** a motion asking this court to lift the stay. The action will proceed at that time, absent some other bar to suit. See Wallace v. Kato, 549 U.S. 384 (2007).
>
> If the stay is lifted and the court finds Plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under Heck; if no such finding is made, the action will proceed at that time, absent some other bar to suit.
>
> In light of the stay, Plaintiff **SHALL NOT** file any more documents in this action until the state court proceedings have concluded.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel

are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** in chambers in Shreveport, Louisiana, this 26th day of July, 2023.

_____
Mark L. Hornsby
U.S. Magistrate Judge